

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

May 4, 1939


Honorable Albert J. Hutson, Jr.
County Attorney, Trinity County
Groveton, Texas

Dear Sir:

> Opinion No. 0-683
> Re: May real estate be sold by
> summary sale for delinquent
> taxes without foreclosure suit?

We beg to acknowledge receipt of your letter of April 20th from which we quote the following questions:

> "Under the laws of our state, does a Tax Assessor-Collector have the authority to levy on and sell real estate for delinquent taxes without the necessity of a suit in court?
>
> "If the Tax Assessor-Collector has the authority to levy on and sell real estate for delinquent taxes without the necessity of a suit, does a person employed by the commissioner's court to collect delinquent taxes have this authority?"

Article VIII, Section 13 of the Constitution of Texas, as amended by election held November 8, 1932, reads as follows:

> "Provision shall be made by the first Legislature for the speedy sale, without the necessity of a suit in Court, of a sufficient portion of all lands and other property for the taxes due thereon, and every year thereafter for the sale in like manner of all lands and other property upon which the taxes have not been paid; and the deed of conveyance to the purchaser for all lands and other property thus sold shall be held to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud; provided, that the former owner shall within two years from date of the filing, for record of the Purchaser's Deed have the right to redeem the land on the following basis:
>
> "(1) Within the first year of the redemption period upon the payment of the amount of money paid for the land, including One ($1.00) Dollar Tax Deed Recording Fee and all taxes, penalties, interest and costs paid plus not exceeding twenty-five (25%) percent of the aggregate total;

"(2) Within the last year of the redemption period upon the payment of the amount of money paid for the land, including One ($1.00) Dollar Tax Deed Recording Fee and all taxes, penalties, interest and costs paid plus not exceeding fifty (50%) percent of the aggregate total. (Sec.13, Art. 8, adopted election Nov. 8, 1932.)"

This provision authorizes the Legislature to enact laws providing for summary sales of lands for delinquent taxes; but the constitutional provision is clearly not self-executory. We have been unable to find any statute, now effective, which authorizes summary sales of real estate. In fact, Article 7328a, R. C. S. (Acts 1929, 41st. Leg., p. 103, ch. 48, 1) expressly prohibits such sales. This statute reads as follows:

"That all sales of real estate made for the collection of delinquent taxes due thereon shall be made only after the foreclosure of tax lien securing same has been had in a court of competent jurisdiction in accordance with existing laws governing the foreclosure of tax liens in delinquent tax suits."

This statute, passed in 1929, would not be repealed by the 1932, Constitutional amendment. It has not been repealed or amended by the Legislature, and is therefore still controlling in the matter of sales or real property for delinquent taxes.

We accordingly advise you that we agree with your conclusion that neither the Tax Assessor-Collector nor any one else has the power or authority to levy on and sell real estate for delinquent taxes except after foreclosure of the tax lien by a court, as provided by Article 7328a, R. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Walter R. Koch

By
   Walter R. Koch
      Assistant

WRK:Mr

APPROVED:
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS